# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
FLEMING, MORRIS, and POND
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private First Class ANTHONY M. ELMORE**
**United States Army, Appellant**

ARMY 20220345

Headquarters, 82nd Airborne Division
J. Harper Cook, Military Judge
Colonel Jeffrey S. Thurnher, Staff Judge Advocate

For Appellant: Captain Tumentugs Armstrong, JA; Robert Feldmeier, Esquire (on brief and reply brief).

For Appellee: Colonel Christopher B. Burgess, JA; Lieutenant Colonel Jacqueline J. DeGaine, JA; Major Chase C. Cleveland, JA; Captain Vy T. Nguyen, JA (on brief).

2 July 2024

------------------------------------
SUMMARY DISPOSITION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

FLEMING, Senior Judge:

This case presents the rare factual scenario of a victim's cell phone making a video recording of her sexual assault.

Appellant asserts five errors before this Court, one of which merits discussion but no relief. Appellant argues his defense counsel were ineffective for not presenting DNA evidence from the Sexual Assault Nurse Examiner (SANE) examination and for not objecting to the victim's testimony supplementing the contents of appellant's snapchat messages. As explained below, we find appellant's counsel were not ineffective in their representation.

## BACKGROUND

An enlisted panel sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of sexual assault in violation of Article

120, Uniform Code of Military Justice [UCMJ], 10 U.S.C. § 920.[1] The military judge sentenced appellant to a dishonorable discharge and confinement for five years. The convening authority took no action on the findings and sentence as adjudged, but waived automatic forfeitures effective upon entry of judgment.

Appellant and victim both attended a party in the barracks room of a mutual friend in March of 2021 at which both consumed alcohol. Over the course of the party, other partygoers observed appellant and victim kissing each other, pulling each other close, and sitting on each other's laps. At the conclusion of the party, victim gave appellant and his roommate, another, partygoer, a ride to their barracks in her car. Upon arrival at the barracks parking lot, appellant's roommate went inside, while appellant remained behind, ultimately asking victim for a hug. Appellant then opened the driver's door, pulled victim out of the car, turned her around, pushed her upper body back into the car leaving her bent over the driver's seat, and pulled down her pants. Appellant moved victim's underwear aside and penetrated her vulva with both his fingers and penis.

At some point, victim's cell phone, apparently inadvertently, captured a video recording of some of the sexual assault. We closely reviewed this video recording, which was admitted as evidence by the government during their case-in-chief. The video recording occurred while victim's cell phone was located on the passenger seat of her car with the camera oriented up and the windshield visible. Through a reflection in the windshield of the car, victim's back and buttocks are visible on the video recording, which then further depicted appellant moving victim's underwear aside and penetrating her vulva with both his penis and fingers. Victim can be heard telling appellant "please no," or words to that effect, during the sexual assault.

Two days after the sexual assault, victim underwent a Sexual Assault Forensic Examination (SAFE). DNA collected from victim's bra and underwear showed appellant's DNA on victim's bra but excluded appellant's DNA from her underwear. At trial, appellant's trial defense counsel attempted to introduce these results of the DNA test through an agent from the Army Criminal Investigation Division (CID). This attempt did not survive a government hearsay objection.

Trial defense counsel then attempted to call an expert witness, for whom they had not previously provided notice, in order to admit the DNA evidence. Defense counsel were not permitted by the military judge to call this expert witness because of their late notice. Ultimately, once prompted by a panel member's question, the parties stipulated to the admission of a redacted version of the DNA report, which showed the absence of appellant's DNA on victim's underwear.

---

[1] The enlisted panel found appellant not guilty of two additional specifications of sexual assault and one specification of obstruction of justice in violation of Articles 120 and 131b, UCMJ.

During victim's testimony at appellant's trial the government admitted into evidence an exhibit containing text communications between victim and appellant using the Snapchat application. The government further elicited testimony from victim of other statements she attributed to appellant in which she alleged he admitted his guilt. Appellant's trial defense counsel did not object to victim testifying to the additional statements not contained within the admitted exhibit.

In affidavits ordered by this court, counsel asserted they did not plan to admit the DNA report because the video recording clearly showed appellant penetrating victim's vulva with his fingers and penis, and because they felt arguing the lack of appellant's DNA on victim's underwear was inconsistent with their theory of the case (ie: that appellant's penetration was consensual and victim had set appellant up to avoid trouble with her husband). Appellant's counsel further stated, without explanation, they felt they had a good faith basis to admit the DNA evidence through the CID agent. As to victim's testimony, appellant's trial defense counsel asserted they did not object regarding her additional statements from appellant as a tactical choice. Counsel asserted they made the tactical decision not to object because they did not want to create a perception of defense counsel blocking a portion of the victim's testimony, and because new assertions may have opened new avenues for cross examination.

## LAW AND DISCUSSION

We review claims of ineffective assistance of counsel de novo. *United States v. Furth*, 81 M.J. 114, 117 (C.A.A.F. 2021) (citing *United States v. Carter*, 79 M.J. 478, 480 (C.A.A.F. 2020)). Military courts evaluate ineffective assistance claims using the Supreme Court's framework from *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* "Under *Strickland*, an appellant bears the burden of demonstrating that (a) defense counsel's performance was deficient, and (b) this deficient performance was prejudicial." *Id.* (citing *Strickland*, 466 U.S. at 687).

In evaluating performance, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. This presumption can be rebutted by "showing specific errors [made by defense counsel] that were unreasonable under prevailing professional norms." *United States v. McConnell*, 55 M.J. 479, 482 (C.A.A.F. 2001) (citing *United States v. Scott*, 24 M.J. 186, 188 (C.M.A. 1987)). With regard to defining what constitutes deficiency in a claim of ineffective assistance of counsel, the Supreme Court has stated that a "defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Further, a court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690.

Even where counsel has committed an unreasonable error, it "does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. Appellant must "affirmatively prove prejudice." *Id.* at 693. This means appellant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In other words, "[t]he likelihood of a different result must be *substantial*, not just conceivable." *Harrington v. Richter,* 562 U.S. 86, 112 (2011) (emphasis added). This requires consideration of "the totality of the evidence before the judge or jury." *Strickland,* 466 U.S. at 695. In short, appellant must show "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

"[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. When assessing claims of ineffective assistance of counsel, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* "The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.*

This case presents a unique scenario where the sexual assault trial included a video recording of the acts themselves. Appellant was convicted of penetrating victim's vulva with his fingers and his penis. While grainy and difficult to see clearly, both acts are decipherable in the video recording. During the video recording, victim sounds distressed and can be heard asking appellant to stop while he continues to penetrate her.

Even assuming arguendo deficient performance, appellant fails to establish prejudice. Appellant fails in his burden to establish a "reasonable probability," *Strickland,* 466 U.S. at 694, of a different outcome if defense counsel took the actions they were allegedly ineffective for failing to take. *Akbar,* 74 M.J. at 438. Even if appellant's counsel had admitted the unredacted DNA report, and all the information therein, or objected to victim's testimony regarding statements attributed to appellant, the video recording of appellant penetrating victim over her protests was still admitted by the government into evidence.[2] Any potential attacks on victim's credibility or the strength of the evidence of the additional statements would not have changed the video recording evidence showing the occurrence of the

---

[2] We closely reviewed all the information in the unredacted DNA report to determine appellant was not prejudiced by his counsel's failure to seek admission of the entire report.

only two offenses of which appellant was found guilty.  Accordingly, we find appellant has not established prejudice.

## CONCLUSION

On consideration of the entire record, the findings of guilty and sentence are AFFIRMED.

Judge MORRIS and Judge POND concur.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court